UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 15-09213-ODW (KS) | Date | February 8, 2017 |
|---|---|---|---|
| Title | *Penate v. Wyndham Worldwide Operations, Inc.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings:**      **In Chambers**

     On January 30, 2017, the Court ordered Plaintiffs to show cause why it should not dismiss Defendant Lamont Zachman based on Plaintiffs' failure to serve him within the Rule 4(m) period.  (ECF No. 53.)  On February 6, 2017, Plaintiffs submitted a response, in which they state that they "have been diligently attempting to serve Defendant Zachman . . . since the Summons was issued in 2016."  (ECF No. 54.)  Plaintiffs list seven unsuccessful attempts they have made at serving—all of which occurred on or after January 26, 2017.  (*Id.*)  Plaintiffs request an additional 90 days in which to serve Zachman.  (*Id.*)

     Under Rule 4(m), if a defendant is not served "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows "good cause" for having not served the defendants.  Fed. R. Civ. P. 4(m).  "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

     Plaintiffs have failed to show good cause for defective service.  Plaintiffs have not shown that that Zachman received actual notice of the lawsuit, that Zachman would not be prejudiced by serving him more than one year after naming him in the complaint, or that Plaintiffs would be "severely prejudiced" if Zachman were dismissed.  *Sheehan*, 253 F.3d at 512.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 15-09213-ODW (KS) | Date | February 8, 2017 |
|---|---|---|---|
| Title | *Penate v. Wyndham Worldwide Operations, Inc.* | | |

    The Court also sees no reason to give Plaintiffs additional time to serve Zachman. While Plaintiffs claim to have "diligently" attempted service on Zachman since 2016, they do not point to any specific attempts to serve him—or even any attempts to ascertain his whereabouts— until 2017. Nor have Plaintiffs shown that Zachman has known about the action all along. Finally, the delay has prejudiced Zachman. Not only do memories inevitably fade with the passage of time, but he now would have significantly less time to take discovery in this action and develop his defenses than if Plaintiffs were diligent in serving him. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

    The Court therefore **DISMISSES** Zachman without prejudice. Fed. R. Civ. P. 4(m).

                                                                                       : 00

Initials of Preparer    SE