1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

JS-6

# United States District Court
# Central District of California

VALERIE PENATE and RHONDA HAMILTON,

          Plaintiffs,

    v.

WYNDHAM WORLDWIDE OPERATIONS, INC. and LAMONT ZACHMAN,

          Defendants.

Case № 2:15-cv-09213-ODW(KSx)

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [41]**

## I.    INTRODUCTION

This is a whistleblower-retaliation action brought by Plaintiffs Valerie Penate and Rhonda Hamilton against their former employer, Defendant Wyndham Worldwide Operations, Inc. ("WWO").  WWO now moves to transfer the action to the Middle District of Florida.  For the reasons discussed below, the Court **GRANTS** the Motion.[1]

## II.    FACTUAL BACKGROUND

WWO employed Penate as a program support specialist between April 2013 and October 2014.  (First Am. Compl. ¶ 9, ECF No. 15.)  During this time, Penate was

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

told to treat certain customers more favorably than other customers, and she "reasonably believed [this] to be a fraudulent and illegal sales practice." (*Id.* ¶ 10.) Penate relayed this belief to her supervisor and she refused to engage in the practice. (*Id.*)  WWO later terminated her, allegedly based on her reporting this illegal activity to her supervisor. (*Id.* ¶ 11.)

WWO employed Hamilton as a frontline member services representative between February 2010 and November 2012. (*Id.* ¶ 12.)  Hamilton learned that WWO was directing its employees to use fraudulent and deceptive sales tactics to sell timeshares to customers, including misrepresenting the costs and benefits of timeshare ownership. (*Id.* ¶ 13.)   Employees who used these tactics were treated and compensated better than those who did not. (*Id.* ¶ 14.)  After Hamilton complained to her supervisor about both the illegal sales tactics and the disparate treatment and compensation, she was suspended. (*Id.* ¶¶ 14–17.)  Hamilton then sent a letter to WWO complaining that her suspension was retaliatory. (*Id.* ¶ 18.)  WWO failed to respond, and Hamilton alleges that she was "constructively terminated" from her job thereafter. (*Id.* ¶¶ 18–19.)

At the time of their respective employments with WWO, Penate resided in Florida and Hamilton resided in Virginia. (Lee Decl. ¶¶ 6, 7; First Am. Compl. ¶¶ 1–2.)  It is unclear from the complaint where either plaintiff currently resides, but Plaintiffs' counsel apparently represented to WWO's counsel that Penate currently resides in New York. (Neiman Decl. ¶¶ 12, 13.)  WWO's headquarters was and is located in the Middle District of Florida. (Lee Decl. ¶ 4.)  Defendant Lamont Zachman, a former WWO employee, appears to reside in the Northern District of California. (Lee Decl. ¶ 10.)  WWO also declares that no WWO officials reside in California, and that any current employee having anything to do with the events underlying this action is likely located in Florida. (Lee Decl. ¶¶ 11–12.)  Finally, any physical records relating to Plaintiffs' employment are located in either Virginia or Florida. (*Id.* ¶ 13.)

### III.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper."  *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007) (footnote omitted); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

Analysis under § 1404 is two-fold.  First, it must be shown that subject matter jurisdiction, personal jurisdiction over the defendants, and proper venue exist in the transferee court.  *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009); *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008); *see also Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  Second, the court must weigh a multitude of factors, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location where the relevant agreements were negotiated and executed; (4) the state that is most familiar with the governing law; (5) the plaintiff's choice of forum; (6) the respective parties' contacts with the forum; (7) the contacts relating to the plaintiff's cause of action in the chosen forum; (8) the differences in the costs of litigation in the two forums; (9) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (10) the ease of access to sources of proof.  *Metz*, 674 F. Supp. 2d at 1145; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Although "great weight is generally accorded plaintiff's choice of forum," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), such deference is "diminished 'if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the

parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.'" *Metz*, 674 F. Supp. 2d at 1146 (citations omitted).

## IV.   DISCUSSION

Plaintiffs do not dispute that the transferee court (Middle District of Florida) would have subject matter jurisdiction over this action, and that venue in the transferee court is proper.  The parties also do not dispute that the transferee court has personal jurisdiction over WWO.[2]  Plaintiffs argue instead that the Court should decline to transfer the action because: (1) WWO's delay in moving to transfer the action prejudices Plaintiffs; and/or (2) the convenience factors favor Plaintiffs' choice of forum.

**A.   Prejudice**

Plaintiffs argue that WWO unnecessarily delayed in moving to transfer this action.  (Opp'n at 4.)  Plaintiffs point out that this action has been pending since November 2015, yet WWO did not file this Motion until November 2016.  In the meantime, the Court entered a Scheduling Order which set a July 2017 trial date. (ECF No. 35.)   Thus, Plaintiffs argue, transferring the case would cause them prejudice.

Plaintiffs' argument fails on several grounds.  First, while WWO did somewhat delay in bringing this Motion, the delay was not solely due to WWO's lack of diligence.  For example, Plaintiffs filed this action in November 2015, but they failed to serve WWO with the complaint until April 2016.  (ECF No. 19.)  Moreover, it seems apparent from the e-mail traffic WWO's counsel submits that Plaintiffs' counsel ignored or substantially delayed in responding to WWO's attempts to meet and confer on this issue. (ECF No. 41-4.)  Thus, the fact that this Motion was not brought earlier does not fall entirely at WWO's feet.

---

[2] The Court has dismissed Defendant Lamont Zachman based on Plaintiffs' failure to serve him within the Rule 4(m) period, and thus Florida's jurisdiction over him is irrelevant.  (ECF No. 55.)

Second, while Plaintiffs describe WWO's conduct with hyperbolic buzzwords such as "gamesmanship," "dilatory," and "prejudicial," they fail to articulate any specific prejudice arising from the delay.  (*See* Opp'n at 4.)  The case is still months away from trial.  Moreover, the case does not necessarily restart at zero upon transfer to another district; the Court has no doubt that the transferee court will take into account the stage of the proceedings in resetting the matter for trial.

Third, the cases Plaintiffs rely on do not require a different result.  In *Sec. & Exch. Comm'n v. Savoy Indus., Inc.*, 587 F.2d 1149, 1157 (D.C. Cir. 1978), the defendant moved to transfer one week before trial was scheduled to commence.  Here, the trial is over five months away.  The Court also notes that the movant's delay in *Savoy Industries* was not dispositive; rather, it was merely one of several factors that the court considered.  Likewise, the movant in *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470 (N.D. Ill. 1979), "waited three years to bring the transfer motion," and even then the court noted that "a mere passage of time or delay is not alone sufficient to deny a motion to transfer."  *Id.* at 471.  As a result, neither case warrants denial of this motion.

**B.    Convenience**

After considering the relevant factors relating to convenience, the Court concludes that transfer is appropriate.  There is literally nothing (besides Plaintiffs' counsel's office) connecting this claim to the Central District of California.  Indeed, the only person that connects this lawsuit to California at all is Zachman, who resides in the Northern District of California, and whom Plaintiffs did not consider important enough to serve despite naming him in the Complaint fourteen months ago.

Conversely, this action appears to have some connection to the Middle District of Florida in particular and significant connection to the East Coast in general.  WWO is headquartered in the Middle District of Florida.  Penate alleges that she resided in Florida at all times relevant to her claims, thus suggesting that the claims arose in Florida.  Although Penate no longer resides in Florida, it appears undisputed that she

now resides in New York—far closer to the Middle District of Florida than the Central District of California. Similarly, Hamilton alleges that she resided in Virginia at all times relevant to her claims, which is also far closer to Florida than to California. In addition, WWO's witnesses, who appear to comprise the majority of the witnesses to the underlying claims, reside in either Florida or Virginia. Zachman's presence in California does not outweigh the other substantial connections that this lawsuit has to Florida and the East Coast in general.

Plaintiffs argue that the Court must give virtually dispositive deference to their choice of forum. While that is usually the case, the court need not do so if (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum. *Metz*, 674 F. Supp. 2d at 1146 (citations omitted). Here, all four prongs weigh against Plaintiffs' choice of forum. Plaintiffs do not point to any operative facts that have occurred in this forum, and the forum has no particular interest in the remaining parties (none of whom reside in California) or the subject matter (which did not arise in, nor have connection to, the Central District of California). Thus, the Court concludes that Plaintiffs' choice of forum carries no more weight than any of the other factors.

Plaintiffs also argue that the Court must discount any inconvenience to WWO's employees because the Court can compel their attendance at trial. The ability to compel witness attendance at trial does not address the inconvenience issue. The Court might find this argument persuasive if there were multiple other witnesses for whom testifying in California would be convenient. However, the only potential California-based witness is Zachman; all other witnesses are either WWO employees, who are located mostly Florida, or Plaintiffs, at least one of whom is located on the East Coast. In light of this, the Court finds that the inconvenience to WWO employees merits consideration.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** WWO's Motion.   The Court **ORDERS** this case transferred to the Middle District of Florida.   The Clerk of the Court shall thereafter close the case.

**IT IS SO ORDERED.**

February 8, 2017

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**